UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WALEED K. YOUSIF,**<br><br>Plaintiff,<br><br>vs.<br><br>**ERIC ALZAROUI,**<br><br>Defendant. | 2:21-CV-11950-TGB-CI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ENJOINING PLAINTIFF FROM FILING WITHOUT PERMISSION OF THE COURT** |

Plaintiff Waleed Yousif filed this Complaint accusing Eric Alzaroui of "identity theft and hijacking." Defendant Alzaroui filed a Motion to Dismiss. ECF No. 5. Because the Court finds it does not have subject matter jurisdiction, Defendant's Motion to Dismiss will be **GRANTED** the Complaint will be **DISMISSED WITHOUT PREJUDICE.**[1]

I.   **The Court does not have jurisdiction over this case**

Federal courts can only hear certain cases, namely those that fall within the courts' "subject matter jurisdiction." A federal court's subject matter jurisdiction is limited to (1) issues arising under the Constitution or a federal statute (*"federal question"* jurisdiction), or (2) disputes occurring between two parties from different states of the Union

---

[1] The Court has also issued an order in another case filed by Mr. Yousif, 21-cv-11413, that is relevant to this matter.

("*diversity of citizenship*" jurisdiction). 28 U.S.C. §§ 1331, 1332. If a complaint is filed in federal court that does not fall within one of these two categories, the court does not have jurisdiction over that complaint, and therefore cannot hear the case.

For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Plaintiff does not mention any laws of the United States or provisions of the Constitution that would reasonably apply to his claims against the Defendants. Even construing the Complaint liberally, the Court cannot identify any.[2] There is no federal question here that would provide jurisdiction.

For the Court to have jurisdiction based on diversity of citizenship, the parties on each side of the case must be from different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity": all the defendants must be from a different state than all the plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). Here, both Plaintiff and Defendant are residents of Michigan, so there is

---

[2] Mr. Yousif references a "critical situation" in front of the IRS involving his social security number, but does not explain further. ECF No. 1, PageID.3. The rest of his accusations are of a general nature and cannot reasonably be interpreted as having anything to do with federal laws.

no diversity.

Because there is no federal question jurisdiction and because both the Plaintiff and the Defendant are from Michigan, there is no complete diversity of citizenship. The court lacks subject matter jurisdiction over this complaint, and it must be dismissed.

## II. Plaintiff cannot file further cases without permission

This is the fifth pro se case Plaintiff has filed in federal court alleging he has been defrauded, conspired against, or otherwise mistreated by various government and private defendants.[3] The questions he raises in these lawsuits were largely decided in a prior state court matter, and he has not provided any new information to explain why those findings were incorrect. Simply stating that the state court judge was "corrupt" or "wrong" without any further evidence is not enough.

When an individual repeatedly files lawsuits that are frivolous or vexatious, to the point where judicial resources must be spent dealing with matters with no legal merit, district courts can set prefiling restrictions. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). The Court therefore orders that Mr. Yousif is barred from filing any more lawsuits in the United States District Court for the

---

[3] In addition to three cases that have been assigned to the undersigned (19-cv-12344, 21-cv-11413, and this case), there are cases pending before two other judges on this Court, the Honorable Linda J. Parker (21-cv-12185) and the Honorable Mark A. Goldsmith (21-cv-12452).

3Click here to enter text.

Eastern District of Michigan without first obtaining permission of the Court through review by the Presiding Judge. If Mr. Yousif files any complaint without first seeking and receiving permission, it shall be dismissed. If Mr. Yousif seeks permission to file a complaint and the Presiding Judge determines that the complaint contains an intelligible, non-frivolous claim, permission will be granted and the Clerk's Office shall assign the complaint to a randomly selected Judge; otherwise, the complaint shall be dismissed.

## CONCLUSION

The Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED,** this 29th day of October, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge